# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    EDCV 13-00409 GW (SS)                Date: April 2, 2013
                                                 Page 1 of 3

Title:    <u>Aaron Leroy Montgomery v. Connie Gipson</u>

===============================================================

DOCKET ENTRY:        **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT
                      BE DISMISSED AS UNTIMELY**
===============================================================

PRESENT:

### HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE

<u>Marlene Ramirez</u>        <u>None            </u>        <u>None    </u>
Deputy Clerk               Court Reporter/Recorder          Tape No.

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

    None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS)**

On November 20, 2012, Aaron Leroy Montgomery ("Petitioner"), a California state prisoner proceeding <u>pro se</u>, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  A conviction becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, direct review concluded on February 18, 2010, when the California Supreme Court denied Petitioner's direct appeal. (See California Appellate Courts Case Information Website, Case No. S179373, http://appellatecases.courtinfo.ca.gov).  Under 28 U.S.C. § 2244(d)(1), the AEDPA limitations period began to run the next day, on February 19, 2010, and expired on February 19, 2011.  The instant petition was filed on November 20, 2012.  Therefore, absent tolling, it is untimely by one year, nine months and one day.

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005).  However, the tolling provision does not apply if a state habeas petition is filed after the limitations period has already expired.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has [already] ended"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (filing of state habeas petition after AEDPA limitations period expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted").

The Petition does not indicate whether Petitioner filed a habeas petition in the Riverside County Superior Court, and if he did, when the petition was filed and when the superior court ruled on it.  However, the California Appellate Courts Case Information website indicates that Petitioner filed a habeas petition with the California Court of Appeal on September 29, 2011, seven months and ten days after the AEDPA limitations period had

already expired on February 19, 2011. (<u>See</u> California Appellate Courts Case Information Website, Case No. E054605, http://appellatecases.courtinfo.ca.gov). If Petitioner did not file a habeas petition in the superior court before filing his habeas petition with the court of appeal, or if the superior court petition, if any, was filed after February 19, 2011, it does not appear that Petitioner would be entitled to statutory tolling.[1]   Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling.  <u>See, e.g.</u>, <u>Banjo v. Ayers</u>, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  <u>See</u> <u>Holland v. Florida</u>, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling.  <u>See</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

Finally, Petitioner repeatedly asserts that "newly discovered" evidence shows that he is "actually innocent."  (<u>See, e.g.</u>, Petition at 4, 16, 19).  While it is unclear whether a claim of actual innocence would allow Petitioner to overcome the AEDPA statute of limitations, the Ninth Circuit has suggested that a time bar to a legitimate claim of actual innocence would raise serious constitutional questions.  <u>See</u> <u>Majoy v. Roe</u>, 296 F.3d 770, 776-77 (9th Cir. 2002).  To establish a claim of actual innocence, a petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

"To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324.  A petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him

---

[1]   The Court notes that Petitioner also filed a prior federal petition on February 16, 2011, challenging the same conviction at issue in the instant Petition.  (<u>See</u> Petition at 2). Petitioner voluntarily dismissed that petition on February 26, 2011.  (<u>See</u> Case No. EDCV 11-00295, Dkt. No. 4).  However, the prior federal petition does not toll the AEDPA limitations period. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (noting that "§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329; see also Smith v. Baldwin, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc) ("In order to pass through the actual innocence procedural gateway of Schlup, [a petitioner] must show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime.").

Despite Petitioner's repeated assertions of "new evidence," the "new evidence" he refers to in the Petition appears to be testimony from his preliminary hearing, (Petition at 5-6, 9), and documents in his trial counsel's files, (id. at 7, 9), none of which is newly developed and none of which was unavailable at trial. Petitioner also argues that his confession was not knowing and voluntary, but cites to no change of law regarding the appropriate legal standard. (Id. at 13). Furthermore, none of Petitioner's evidence or legal arguments show that he is factually innocent of the crimes for which he was convicted. Instead, Petitioner appears to argue at most that the evidence was legally insufficient to support a conviction.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling, or why the AEDPA limitations period should not apply to his claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.